This video was made in Cooperation with the U.S. Department of State.    U.S. Department of State This video was made The PTAB also erred in the claim construction of the terms travel path and logic unit 4, and that goes into the obvious analysis. The PTAB acknowledges in its final written decision it's based on the claim construction. If you look at the first term that we talk about in our brief, travel path, travel path was construed by the PTAB to mean all or part of the travel path. That construction is inconsistent with the claim language of Claim 15. Element B of Claim 15 states that the controller monitors all or part of the travel path while obstacle detection is conducted along the travel path. Because travel path has a modifier in some uses and not others, when the PTAB adopted the construction, adopting that modifier, it made element B in Claim 15 redundant. I don't understand your argument as to Claim 15. 15B talks about being able to detect by monitoring at least part of the travel path. So how can it be if the claim is satisfied by monitoring part of the travel path that the claim has to cover the whole travel path? I don't understand that. I don't think it does have to cover the whole travel path. I think the way Claim B should be read is that it's monitoring at least a part of the entire travel path. If it doesn't have to cover the whole travel path, then the claim construction of travel path is correct. That's not true with all due respect, Judge, because travel path in 15A just says travel path. In the second part of 15B, it also says travel path. When the PTAB uses the modifier, a part of the travel path, it means a part of the travel path. When it doesn't, it has to mean something else. We contend it means the entire travel path. It makes sense because obstacle detection should happen along the entire travel path and sensing should happen across the entire travel path. In that regard, travel path unmodified should mean entire travel path, based on the language that was chosen by the patentee as well as the specification. But the Claim 15 is infringed if you monitor part of the travel path and prevent obstructions from injuring people in part of the travel path, right? It would be infringed if it's monitored for part of the travel path and the obstacle detection is along the entire travel path. Well, how can you have obstacle detection along the entire travel path? You only monitor a part of it. Well, you don't need to monitor... This is a practical consideration of monitoring... You don't need to monitor the entire... You can monitor less than the size of an obstacle and you can still detect the obstacle. One of the problems and one of the issues that Webasto raises... But your problem with the prior art, you say, the prior art only detects obstacles in part of the travel path, not the whole travel path. But what I'm saying to you is that 15 is infringed if you find an obstacle in part of the travel path. In other words, there's no requirement that the detection system apply to the entirety of the travel path. I think that's wrong based on our construction of the term travel path, meaning entire travel path, because the detection... To me, on the face of it, it's infringed if you have a detection of part of the travel path. And if it's infringed when you do that, I don't see how you can adopt a different construction for obvious construction. There it is. Fair enough, Judge. And I do think... I think the problem that the PTAB had in Webasto, where we have the difference, is the fact that they conflate monitoring with detection. And I think there is a difference between... And the claim says... The way we read the claim is that monitoring over part of the travel path for obstacle detection over the entire travel path. And I do think that is not... I think that's practical. I think when we talk about what the PTAB talks about and Webasto argues is at the initial start of motors, there's not always the monitoring. But obstacle detection does happen the way it's described in the patent, because the algorithm corrects for that and adjusts for that. So there's obstacle detection along the entire travel path, even though it might not necessarily be monitored for the entire travel path. And I think that seems to be a distinction. How can you have obstacle detection for the whole travel path if you only monitor part of it? If you're monitoring for... If we're talking about the obstacle detection of, say, an arm getting caught in a window, if you monitor for half the width of the arm, you're going to detect the arm, even though the arm would be in... This is part of the travel path. Right, and we are... If you're only monitoring part of the travel path, how can you have obstacle detection for the whole travel path? Well, if you're monitoring a portion of the travel path, to detect if there's an obstacle in the travel path. I think if there's an obstacle detection anywhere in the travel path, it's detected and then that limitation is met. And the algorithms that are used do account for the fact that, as I said, at the motor startup, you're not always going to have monitoring at the very beginning, but there's an algorithm that's disclosed that goes back and corrects for that by setting a threshold value. And that is then updated as the obstacle detect threshold is updated through the continued operation of the vehicle. Sorry, of the device. And I see I'm approaching my time, so I don't know if you have any questions. If not, I'd like to reserve it for rebuttal. Okay, thank you. Thank you. Mr. Sanders? Thank you, Your Honors. The construction of travel path makes no difference for exactly the reasons that Judge Dyke elucidated of appellant. The patent office understood this appropriately. The prior art teaches monitoring and obstacle detection along most of the travel path. That's sufficient because the claim only requires it along at least part of a travel path. And that resolves the invalidity of those claims with respect to the term travel path. The PTAB board explained its decisions in its 38-page opinion. They're supported by substantial evidence. The PTAB cited to our petition that's cited to our expert declaration that includes that evidence. The PTAB specifically found that the paragraphs of UC's expert declaration that were offered in opposition were not credible. That's stated right in the decision. Well, let me cut through to my interest. Are you standing by this collateral estoppel argument? Your Honor, we believe that the PTO got this right on the merits. We believe that collateral estoppel is an alternate way to reach the same conclusion. And this court has said in cases such as Ohio Willowood and Sovereign Software that the issues need to be the same but the claims need not be the same. And here the issues are exactly the same. The exact term travel path was interpreted in the Brose IPR that was not appealed. And the term logic was interpreted in the Brose IPR that was not appealed. There are no substantive differences between the claims. Claim 14 that was invalidated in Brose and Claim 15 that was invalidated. In the red brief, you argue that the – you're at page 24. You argue the agency's estoppel rule also bars relitigation of the board's claim constructions. The rules apply – the agency rule applies to claims that were refused or canceled. That's not what happened here. It was ruled invalid. Your Honors, after the PTAB rules claims invalid, a certificate of cancellation is issued. That has not happened in this particular case, but the claims were finally refused by the Patent Office in finding them to be unpatentable in the IPRs. And that decision was not appealed. A certificate of cancellation will issue when the PTO deems it appropriate to do so. But the statute can't mean in terms of estoppel that if there's a final decision by the board invalidating the claims and there's an appeal that changes that result that you don't look to the appeal to see whether there's an estoppel, right? Absolutely, Your Honors. You would need to look to the appeal. In this case, the prior decision, the Brosset IPRs were not appealed. It became final by virtue of UC's decision not to appeal from the Brosset IPRs. So that scenario is not present here. I agree it would need to be considered if that scenario were present. Okay, anything further? Thank you, Your Honors. Okay, thank you. Thank both counsel. Wait, sorry. You had some rebuttal time. I just had a brief point on rebuttal, Your Honor. Regardless, I think there's an additional error with the obviousness analysis that the PTAB did in the fact that they're required to do an element-by-element analysis of the prior and mapping it to Claim 15 and Claim 16. They didn't do that. I think that's required by KSR that it has to be shown in the prior where each element of Claim 15 was done. And that wasn't done in this case. Because that wasn't done, the PTAB's obviousness determination needs to be remanded at the very least. And as we say in our briefs, we think it should be reversed. But at the very least, it needs to be remanded in order to do an element-by-element basis because the prior doesn't meet the Claim 15 in an element-by-element basis. And the PTAB only looked at two of the elements or two and a half of the elements of the claim. And that's insufficient under KSR and the Administrative Procedure Act. If there aren't any other questions. Okay. Thank you very much. And I'll call the Council on the cases submitted.